UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re                                                :         Chapter 7

ABRAHAM SANCHEZ,                    :         CASE NO. 05-48721-JBR

DEBTOR                                          :

ORDER ON TRUSTEE'S OBJECTION TO EXEMPTION

This matter came before the Court for hearing on the Trustee's Objection to the Debtor's exemption, under M.G.L. chapter 235, § 34A, of a funds deposited in a tuition savings plan established pursuant to 26 U.S.C. § 529 (the "Section 529 Account"). Because this case was commenced prior to October 17, 2005, the Section 529 Plan is property of the estate.[1] M.G.L. chapter 235, § 34A permits exemption of

> an annuity, pension, profit sharing, or other retirement plan subject to the federal Employee Retirement Income Security Act of 1974, in any plan maintained by one or more self-employed individuals, by [such] as a Keogh Plan, in any plan maintained by a corporation or other business organization pursuant to Section 401(a) of the Internal Revenue Code but not subject to the federal Employee Retirement Income Security Act of 1974, or in any Simplified Employee Plan, annuity plan to which the provisions of Section 403(b) of the Internal Revenue Code apply or Individual Retirement Account or Annuity maintained by an individual, or in any similar contract distributed from or purchased with assets distributed from the foregoing....

The statute is designed to protect "three categories of retirement vehicles for protection, which are essentially: (1) retirement plans maintained in accordance with ERISA; (2)

---

[1] There is no basis for determining that funds deposited into a Section 529 Plan are excluded from property of the estate prior to the recent amendments to the Bankruptcy Code. Section 541(b)(6), which excludes Section 529 plans from property of the estate if certain conditions are met, was added to the Bankruptcy Code for all cases filed on or after October 17, 2005 by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005". Pub. L. 109-8, 119 Stat 23 § 1212.

annuities or similar contracts purchased with assets rolled over from such an ERISA plan; and (3) individually maintained plans, including IRA's." *In re Goldman*, 192 B.R. 1, 6 (D. Mass. 1996). Because a Section 529 Plan is not within the exemption afforded by Massachusetts law, the Debtor's claim of exemption must fail and the Trustee's Objection is SUSTAINED.

Dated: February 14, 2006

Joel B. Rosenthal
United States Bankruptcy Judge